## Johnson, et al. v. Wyan.

(Decided February 12, 1924.)

### Appeal from Laurel Circuit Court.

1. Evidence—In Suit for Breach of Warranty Representations to Others Held Inadmissible.—In an action for damages for breach of express warranty of seeds sold, court did not err in refusing to permit plaintiffs to show by witnesses, who had purchased the same kind of seed from defendant, that the latter sold and represented the seed as "Southern German Tennessee millet," the sales to the witnesses being separate and independent transactions.

2.  Witnesses—Predicate Must be Laid for Impeachment.—Before one may be impeached by proof of inconsistent statement, proper predicate must be laid by preliminary inquiry of the witness sought to be impeached concerning the circumstances of time, place and persons present, as required by Civil Code of Practice, section 598.

3.  .Witnesses—Testimony Held Collateral, and Not Subject to Contradiction.—In an action for damages for breach of warranty in the sale of seed, the fact that defendant had represented the seed to be of a certain kind in a sale to others was purely collateral and irrelevant to the issue, and testimony of witness in regard thereto was not subject to contradiction.

4.  Appeal and Error—Admission of Evidence Held Harmless.—In an action for breach of warranty of seed, where the real issue in the case was whether defendant represented the seed as "Southern German millet" or "Southern German Tennessee millet," any error of the court in permitting a witness to state that he purchased millet seed from defendant in 1920, and that he grew a bad crop, but that in 1921 some volunteer millet came up in his potato patch, and it was as fine millet as he ever saw, was not prejudicial.

HAZELWOOD & JOHNSON for appellants.

H. C. CLAY for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

J. S. Johnson and Walter Harkleroad brought this suit against appellee, J. H. Wyan, a retail seed dealer, to recover damages for a breach of warranty in the sale of thirteen bushels of millet seed. In the original petition it was alleged that appellee sold and represented the seed as being "Southern German millet seed." The depositions of the wholesale seed merchants from whom appellee purchased the seed were taken, and they showed that the seed were Southern German millet seed. After the depositions were taken, appellants amended their petition and alleged that they purchased, and appellee represented the seed as being "Southern German Tennessee millet," whereas, they were an inferior grade and quality of seed commonly known as "Fox Tail," or "Hungarian Millet." Acting under instructions that are not complained of, the jury returned a verdict for appellee.

It is first insisted that the court erred in not permitting appellants to prove by three or four witnesses, who had purchased the same kind of seed from appellee, that he sold and represented the seed as "Southern German Tennessee millet." If this were a case where it was

sought to hold appellee liable on the ground that the sale of the seed in question was a part of a plan or scheme to defraud appellants and others, it might be that his representations to others would be admissible on the question of fraud, but no such case is presented. The case is simply one where damages are sought for breach of express warranty, and as the sales to the witnesses who offered to testify were separate and independent transactions, what appellee said to them was not admissible for the purpose of showing what he said to appellants. Nor was the evidence admissible for the purpose of impeachment. In the first place, proper predicate was not laid by preliminary inquiry of appellee concerning the circumstances of time, place and persons present, as required by section 598, Civil Code. In the next place, the fact inquired about was purely collateral and irrelevant to the issue, and that being true, the answer of the witness was not subject to contradiction. Kennedy v. Commonwealth, 14 Bush 340.

Another contention is that the court erred in permitting a witness to state that he purchased millet seed from appellee in 1920 and that he grew a bad crop, but that in 1921 some "volunteer" millet came up in his potato patch, and it was as fine millet as he ever saw. As the real issue in the case was whether appellee represented the millet as "Southern German millet," or "Southern German Tennessee millet," it is apparent that the evidence complained of was not material, and its admission cannot be regarded as prejudicial error.

Judgment affirmed.